**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRI BRACKETT,

      Plaintiff - Appellant,

v.

PAUL HAUTAMAA, M.D.; RUTH B.
NAUTS, M.D.; COLORADO
PERMANENTE MEDICAL GROUP,
P.C.; KAISER FOUNDATION
HEALTH PLAN OF CO, INC.;
HOWARD M. KIRSHBAUM, Arbiter;
MILES FLESCHE, Chief Clerk; JOHN
DOERNER, Chief Clerk; SUSAN
FESTAG, Chief Clerk,

      Defendants - Appellees.

No. 06-1162
(D.C. No. 05-Z-2578)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

---

Petitioner-Appellant Jerri Brackett, proceeding pro se, seeks to appeal the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

district court's dismissal of her complaint challenging the result of one or more actions filed in the Colorado state courts as violating her constitutional rights to equal protection and due process. The district court concluded that Ms. Brackett's federal claims were, under the Rooker-Feldman doctrine, an impermissible attempt to seek review of a state court judgment. The district court found that it lacked subject matter jurisdiction and dismissed the complaint pursuant to Fed. R. Civ. P. 12(h)(3), entering a multi-page "order and judgment" on January 24, 2006. On February 21, 2006, Ms. Brackett filed a motion to reconsider and for further relief which the district court construed as a motion under Fed. R. Civ. P. 60(b).

On March 15, 2006, the district court entered a second order denying Ms. Brackett's motion for reconsideration. Subsequently, on April 13, 2006, Ms. Brackett filed a "Motion to Disqualify Pursuant to 28 § 455 and Request to Certify Pursuant to 28 § 2403 (In Lieu of Permission to Appeal)," which was docketed by the district court as a notice of appeal.

This court cannot exercise jurisdiction absent a timely notice of appeal. United States v. Torres, 372 F.3d 1159, 1161 (10th Cir. 2004) (internal citation omitted). If we were to construe the April 13 filing as a notice of appeal, it is clear that the appeal from the denial of the motion for reconsideration is timely, as the notice of appeal would be filed within 30 days of the order. Fed. R. App. P. 4(a)(1)(A). Fed. R. Civ. P. 58(a)(1) does not require that a separate judgment

- 2 -

be entered on the denial of a Rule 60(b) motion, so the time for filing a notice of appeal would begin to run with entry of the order denying the motion for reconsideration.

As noted, the district court entered an order and judgment on January 24. Even though the order and judgment purported to actually enter judgment, the judgment was not on a separate document as required by Rule 58. The separate document requirement is mechanically applied, so an order containing a reasoned disposition combined with a judgment will not satisfy the rule. Clymore v. United States, 415 F.3d 1113, 1117 (10th Cir. 2005); Allison v. Bank-Denver, 289 F.3d 1223, 1232 (10th Cir. 2002). In the absence of a separate document, a judgment on the January 24 order and judgment is deemed entered 150 days after its entry on the docket. Fed. R. Civ. P. 58(b)(2)(B). As Ms. Brackett's ostensible notice of appeal was filed before the 150 days had run, it would be timely. See Fed. R. App. P. 4(a)(1)(A).

Ms. Brackett did not file a formal notice of appeal, so we must inquire whether her motion to disqualify and certify is the "functional equivalent of a timely appeal." See Smith v. Barry, 502 U.S. 244, 248-49 (1992) (stating that "if a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."). "[A] notice of appeal must specifically indicate the litigant's intent to seek appellate review, the purpose of this requirement is to ensure that the filing provides sufficient notice to the other

parties and the courts." Id. at 248 (internal citations omitted). "[D]etermining whether a motion is the functional equivalent of a notice of appeal turns on the issue of notice." United States v. Smith, 182 F.3d 733, 735 (10th Cir. 1999). Rule 3 requires notice of three elements: "the party or parties taking the appeal by naming each one in the caption or body of the notice"; "the judgment, order or part thereof being appealed"; and the "court to which the appeal is taken." Fed. R. App. P. 3(c)(1).

While we must "construe Rule 3 liberally when determining whether it has been complied with," Barry, 502 U.S. at 248, Ms. Brackett's motion fails to meet the minimal notice requirements of Rule 3 and is not the functional equivalent of a timely notice of appeal. The title of Ms. Brackett's motion states that it is "In Lieu of Permission to Appeal." Further, in the motion itself, Ms. Brackett specifically requests that the court "allow Plaintiff to bypass a petition for permission to appeal" and instead "consider granting a motion to disqualify." Mot. to Dismiss and Certify at 4. Finally, Ms. Brackett's motion fails to state what is being appealed. Nothing in Ms. Brackett's motion would provide notice to the remaining parties of her intent to appeal. If anything, Ms. Brackett's motion expresses her intent not to seek a formal notice of appeal. Consequently, Ms. Brackett's motion failed to provide adequate notice and it does not serve as the functional equivalent of a timely notice of appeal.

Accordingly this court lacks jurisdiction and we DISMISS the appeal. We

- 4 -

DENY the motion to proceed in forma pauperis.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge